**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SONIA L. THOMAS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **CV-03-PT-3241-E** |
| | ) | |
| **ALABAMA HOME CONSTRUCTION,** | ) | |
| **INC. and AHCI MANAGEMENT**, | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------ | _ | |
| | ) | |
| **BETH GERHARDT, etc.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **CV-03-PT-3247-M** |
| | ) | |
| **ALABAMA HOME CONSTRUCTION,** | ) | |
| **INC., a corporation; LAVELLE SMITH**, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendants Alabama Home Construction, Inc.'s

and AHCI Management Company, Inc.'s Motion to Dismiss, filed on July 8, 2005.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Beth F. Gerhardt ("Gerhardt") filed her action on December 5, 2003, naming as

defendants her former employer, Alabama Home Construction, Inc. ("AHC"), and a former

coworker, Lavelle Smith ("Smith"). Gerhardt's Complaint alleged that Smith had sexually

harassed her while they both worked for AHC. She further asserted that AHC had not corrected

1

Smith's behavior, but had instead terminated her after she complained about it.  Gerhardt's

complaint made claims for Title VII sexual harassment, Title VII retaliation, and assault.

Plaintiff Sonia L. Thomas ("Thomas"), who previously worked in the same office as Gerhardt

and Smith, also filed her action on December 5, 2003, naming as defendants AHC and her

employer, AHCI Management Company, Inc. ("AHCI Management").  Similar to Gerhardt,

Thomas alleged that she had been harassed by Smith and terminated after complaining about it.

Thomas' Complaint asserted claims for sexual harassment/hostile work environment and

retaliation.  On January 7, 2004, the two cases were consolidated without objection upon

defendants' motion.  On October 28, 2004, in response to a motion filed by AHC, AHCI

Management, and Smith, this court granted summary judgment in favor of the defendants on all

claims except for the retaliation claims against AHC and AHCI Management.  Gerhardt and

Thomas' retaliation claims were tried before a jury, which rendered a verdict in their favor on

July 7, 2005.  The jury awarded damages of $156,000.00 to Gerhardt, to be paid by AHC, and

$50,000.00 to Thomas, to be paid by AHCI Management.  On July 8, 2005, AHC and AHCI

Management filed the presently considered Motion to Dismiss based upon lack of subject matter

jurisdiction.

## LEGAL STANDARD

The Eleventh Circuit discussed subject matter jurisdiction in *University of South*

*Alabama v. American Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999), stating:

> It is by now axiomatic that the inferior federal courts are courts of limited
> jurisdiction. They are "empowered to hear only those cases within the judicial
> power of the United States as defined by Article III of the Constitution," and
> which have been entrusted to them by a jurisdictional grant authorized by
> Congress. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994). Congress,

however, may " 'give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.' " *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 215 (5th Cir.1998) (en banc) (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226 (1922)), *cert. granted*, 525 U.S. 1039, 119 S.Ct. 589, 142 L.Ed.2d 532 (1998) (No. 98- 470). And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts " 'should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction.' " *Id.* at 216 (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971)).

Accordingly, "[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (citing *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir.1986)). Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, *see Victory Carriers*, 404 U.S. at 212, 92 S.Ct. at 425 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)), as well as "offends fundamental principles of separation of powers," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 514; *see also Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir.1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

168 F.3d at 409-10. "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## ARGUMENTS[1]

### I.    Defendants' Motion.

Defendants note that, in their Complaints, both plaintiffs invoked the court's subject

---

[1] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

matter jurisdiction pursuant to 42 U.S.C. § 2000e ("Title VII").  According to defendants, they denied that subject matter jurisdiction existed.

Defendants argue that this court has subject matter jurisdiction under Title VII only over those employers that constitute "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 2000e(b).  Defendants assert that the party invoking this Court's limited subject matter jurisdiction "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).  Defendants observe that jurisdiction cannot be waived or otherwise conferred upon the court by the parties. *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted).  Defendants maintain that whether the applicable defendant was an employer within the meaning of Title VII was an essential element of each plaintiff's claim.  *See Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1262-63 (11th Cir. 1997) (discussing 29 U.S.C. § 630(b) under the Age Discrimination in Employment Act ).  Further, they argue, the question of whether each defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the relevant calendar year was an issue of fact for the jury to decide.  *See id.* at 1258 (holding that a jury should be allowed to decide the issue of whether the defendant was an "employer")*.*

During the trial, defendants assert, the court raised the issue of whether Title VII required proof of a certain number of employees, and counsel for Gerhardt replied that it did. Subsequently, defendant maintains, Gerhardt, but not Thomas, attempted to prove facts that

would give rise to this court's jurisdiction.  According to defendants, the record is devoid of

evidence that would factually establish that either of them was an employer under Title VII.

Defendants contend that Phil Gilbert testified that AHC had "probably fifty or more" people

working "on behalf" of the company.  However, defendants state, he also testified that forty-three

of those persons were construction subcontractors.  Defendants acknowledge that Gerhardt

identified a number of people that she "assumed" worked for AHC in September of 2000.  On

cross-examination, however, defendants note, she conceded that she did not have personal

knowledge of whether they were employed by AHC or AHCI Management.  In any event,

defendants conclude, neither plaintiff offered any evidence that either defendant employed fifteen

or more employees for each working day for twenty or more calendar weeks in any year.  In the

absence of such proof, defendants maintain, this court is deprived of jurisdiction.  Because the

court lacks jurisdiction, defendants urge, it must dismiss each plaintiff's Complaint.

**II.      Plaintiff Gerhardt's Response.**

    **A.      Defendants Stipulated to the Existence of Subject Matter Jurisdiction in the
           Pretrial Order.**

    According to Gerhardt, one of the essential purposes of a pretrial order is to narrow the

triable issues.  She argues that pretrial orders and pretrial conferences serve the purposes of

expediting litigation and eliminating surprise at trial.  *Wallin v. Fuller,* 476 F.2d 1204, 1208 (5th

Cir. 1973)[2]; *Smith v. Ford Motor Co.*, 626 F.2d 784, 795 (10th Cir. 1980), *cert. denied* 450 U.S.

918 (1981).  Further, Gerhardt contends, the stipulations made in a pretrial order are binding

---

    [2] Gerhardt notes that decisions by the former Fifth Circuit issued before October 1, 1981,
are binding as precedent on the Eleventh Circuit.  *Bonner v. City of Prichard, Ala.*, 661 F.2d
1206, 1207 (11th Cir. 1981) (*en banc*).

5

against the parties that make them.  *G.I.C. Corp., Inc. v. United States*, 121 F.3d 1447, 1450

(11th Cir. 1997).  Additionally, Gerhardt observes, a pretrial order "shall control the subsequent

course of the action unless modified by a subsequent order."  Fed. R. Civ. P. 16(e).

Gerhardt notes that a pretrial order was agreed upon, jointly prepared, and submitted to

the court by all parties on December 16, 2004.  Within the pretrial order, Gerhardt points out, the

parties stipulated to the following provision:

> 2.  ____Jurisdiction and venue.  Subject matter jurisdiction exists under 42 U.S.C.
> § 2000e and 28 U.S.C. §§ 1331 and 1367.  Personal jurisdiction and venue are not
> contested.

According to a plain reading of this statement, Gerhardt argues, defendants did not contest the

subject matter jurisdiction of this court over plaintiffs' claims.  According to Gerhardt,

defendants expressly stipulated that subject matter jurisdiction existed under Title VII, and they

cannot now contest it after jury verdicts were returned in plaintiffs' favor.  Gerhardt argues that

this stipulation is binding upon defendants and, therefore, subject matter jurisdiction was not a

triable issue.

Gerhardt maintains that this stipulation concerning the number of employees is consistent

with the evidence and law presented by plaintiffs at summary judgment.  According to Gerhardt,

this evidence and law included: fifteen-plus "contracts" of defendants' employees introduced

during the deposition of Philip Gilbert; a "List of employees with Alabama Home Construction,

as of 9-12-00," which was introduced during Suzanne Gilbert's deposition and contained thirty-

five names; the EEOC "for cause" determination that stated that defendants are "employers"

within the meaning of Title VII; the economic realities test applied under the circumstances of

Gerhardt's employment, as cited by her summary judgment submission; and the single employer

6

theory urged upon the court by plaintiffs at summary judgment.  Gerhardt claims that, during

telephone conferences concerning the Motion for Summary Judgment in these cases, defendants'

counsel never mentioned the number of employees issue, but only argued, unsuccessfully, that

Gerhardt was an independent contractor.  In conclusion, Gerhardt contends that the stipulation of

jurisdiction in the pretrial order was supported by substantial evidence in the record and by

plaintiffs' prevailing on that issue at summary judgment.

Gerhardt observes that defendants never moved the Court to modify the pretrial order to

indicate that subject matter jurisdiction was contested.  According to Gerhardt, if defendants

wanted to reserve the subject matter jurisdiction issue, they should have reserved the defense in

the pretrial order or moved to modify the pretrial order.  *See Smith v. Alabama,* 252 F.Supp.2d

1317, 1325 n.14 (M.D. Ala. 2003) (finding, despite defendant's assertion in the pretrial order that

it was not a employer under Title VII, the subject matter jurisdiction argument was without merit

because defendant had not presented any supporting evidence).

### B.    Defendants Abandoned This Defense in the Pretrial Order.

Gerhardt highlights the following passage, which gives the entire statement of

defendants' positions contained in the pretrial order:

> (c) Defendant's (*sic*) positions.
>      The defendants contend that the plaintiffs were not sexually harassed in violation of the law, that the plaintiffs did not believe in good faith that they were sexually harassed, and that the plaintiffs did not properly complain about alleged sexual harassment.  The defendants also contend that their termination was not caused by any complaint of sexual harassment and that the plaintiffs have failed to mitigate their damages, if any.  The defendants contend that the plaintiffs were terminated for legitimate, non-retaliatory reasons.

Gerhardt notes that nowhere in this passage do the defendants take issue with the subject matter

7

jurisdiction of the court as relating to their number of employees.  Gerhardt argues that this

absence is significant because the pretrial order is an obvious place to assert such a defense.

Therefore, Gerhardt concludes, defendants abandoned this defense at the time of the pretrial

conference.

According to Gerhardt, controlling case law supports the conclusion that defendants

completely abandoned this defense by omitting it from the pretrial order.  *See State Treasurer of*

*State of Michigan v. Barry,* 168 F.3d 8, 9-10 (11th Cir. 1999) (finding plaintiff abandoned claims

by not including them in pretrial order); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1462 (11th

Cir. 1998) (finding plaintiff abandoned § 1981 claim by omitting it entirely from the pretrial

order); *Walker v. Anderson Elec. Connectors,* 944 F.2d 841, 844 (11th Cir. 1991) (denying

plaintiff's post-trial motion to amend the pretrial order that omitted demand for declaratory and

injunctive relief); *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir.

1990) (finding defense of "failure to state a claim" was not preserved in the district court when it

was omitted from the pretrial order and from defendants' directed verdict motion);  *Fehlhaber v.*

*Fehlhaber*, 681 F.2d 1015, 1030 (11th Cir. 1982) (finding defendant abandoned a defense by,

*inter alia,* failing to include it in the pretrial order); *Hendricks v. Baptist Health Services,* 278

F.Supp.2d 1276, 1284 n.19 (M.D. Ala. 2003) (finding plaintiff abandoned numerous race

discrimination claims by, *inter alia*, not including them in the pretrial order); *Bivins v. Jeffers Vet*

*Supply,* 873 F.Supp. 1500, 1510 (M.D. Ala. 1994) (finding plaintiff abandoned §§ 1981 and 1983

claims when they were not included in pretrial order); *Pratt v. Colonial-Sales-Lease Rental, Inc.,*

799 F.Supp. 1132, 1134 (N.D. Ala. 1992) (finding plaintiff abandoned claim by omitting it from

the plaintiff's position statement from the pretrial order).

Gerhardt concludes that defendants abandoned the defense of number of employees when they failed to include it in their position as indicated in the pretrial order.

**C.   Defendants' Other Acts Demonstrate That They Abandoned This Defense.**

**1.   Complaint and Answer.**

Gerhardt notes that, in her Complaint, she alleges under the heading "Jurisdiction and Venue": "The subject matter jurisdiction of this court is invoked pursuant to 42 U.S.C. § 2000e and 28 U.S.C. §§ 1331, 1343 and 1367."  (Gerhardt Cmpt. ¶ 6).  In its answer, AHC responded to this paragraph with, simply, "Admitted."  (Answer to Gerhardt Cmpt. ¶ 6).  Given its answer, Gerhardt disputes defendants' assertion in the present motion that they denied subject matter jurisdiction existed.  Gerhardt maintains that AHC's admission in its Answer of the existence of subject matter jurisdiction has never been amended, withdrawn, or otherwise addressed.

**2.   Addendum to the Pretrial Order.**

Gerhardt points out that the pretrial order in this case also contained an addendum that required each defendant to submit to the court, ten days prior to the scheduled trial date, "[a] listing of what each party understands to be the essential elements of each defendant's defense(s) (separate listing for each defense)."  According to Gerhardt, both corporate defendants failed to comply with this requirement of the pretrial order, thus again strongly indicating that they had abandoned any subject matter jurisdiction defense.

**3.   The Morning of the First Day of Trial.**

Gerhardt contends that, during a conference before this court immediately before striking the jury, the defense conceded that the plaintiffs were "employees" within the meaning of Title

9

VII, frankly stating that the defendants had "flunked the economic realities test."[3]  Gerhardt

asserts that her counsel expressly raised this issue so as to know, before putting on any testimony,

whether this particular issue was going to be contested.

### 4.   Defendants' Opening Statements and Closing Arguments.

Gerhardt argues that at no time during opening statements or closing arguments did the

defendants argue that they are not employers under Title VII.  According to Gerhardt, defendants'

opening statement and closing argument focused primarily on the issue of causation and temporal

proximity, but contained no issue or argument regarding the number of employees.

### 5.   Defendants' Motion for Judgment as a Matter of Law.

Gerhardt notes that, at the close of plaintiffs' cases-in-chief at trial and again at the close

of all the evidence, the defendants made a motion for judgment as a matter of law as to both

plaintiffs' claims.  At neither time did defendants reference the number of their employees or the

issue of subject matter jurisdiction.[4]

---

[3] Gerhardt acknowledges that the significance of this oral concession is debatable. According to Gerhardt, the parties stipulated in the pretrial order that she was employed by AHC and Thomas was employed by AHCI Management.

[4] It is Gerhardt's position that the defendants did not properly make motions for judgment as a matter of law pursuant to Federal Rules of Civil Procedure as to the defense of number of employees.  Gerhardt highlights Federal Rule of Civil Procedure 50(a), which states:

> Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

Fed. R. Civ. Pro. 50(a)(2).  Since defendants made no mention of the defense of number of employees during either of their motions for judgment as a matter of law, Gerhardt concludes, such motions cannot be properly renewed by defendants post-trial.

### 6.     Jury Instructions.

Gerhardt maintains that defendants never requested a jury instruction regarding the number of employees or their status as employers under Title VII.  This was so, Gerhardt notes, even though the jury instructions actually given contained the word "employer" numerous times.

### D.     Defendants Mistake the Purpose of Gerhardt's Offer of Evidence at Trial Regarding Other Employees of Defendants.

Gerhardt disputes defendants' argument that the purpose of her testimony on rebuttal was to prove the number of defendants' employees.  According to Gerhardt, the purpose of her testimony regarding employees in other offices was merely to demonstrate the pretext as to defendants' actions in terminating plaintiffs.  Specifically, Gerhardt argues, this testimony was to rebut defendants' representations that they could adequately function with one salesperson (Smith) in the Pell City office, and that Thomas was "no longer needed" and Gerhardt "terminated herself."

### E.     Sufficient Evidence Was Introduced Both at Summary Judgment and at Trial Regarding Number of Employees.

According to Gerhardt, at the summary judgment proceedings, more than substantial evidence existed to support the finding that defendants were employers within the meaning of Title VII.  Gerhardt further states that this issue was effectively resolved in the plaintiffs' favor during that stage of the litigation.  Further, Gerhardt contends, the evidence presented to the jury more than supported the conclusion that defendants were employers under Title VII.

### 1.     Testimonial Evidence at Trial.

Gerhardt notes that Philip Gilbert testified that AHCI Management existed for the

purpose of providing employees for the construction company.  Further, Gerhardt asserts, the other testimony regarding the intertwined nature of AHC and AHCI Management was sufficient to demonstrate that these companies are a single employer for the purposes of Title VII.  In support of this assertion, Gerhardt points to the evidence that the management was the same within both corporate defendants and that the heads of both, the Gilberts, ran each company as if each held co-executive positions.  Gerhardt asserts that the testimony of other witnesses, including herself, demonstrated that the Gilberts were viewed by subordinates as co-executives. Gerhardt contends that all the corporate entities have their main offices within one building in Albertville, Alabama.  Further, she states, subordinate managers had decision-making authority within both corporate entities, as demonstrated by the Daughertys.  Indeed, Gerhardt asserts, one of the first questions asked of Janie Daugherty was "who is your employer?"  According to Gerhardt, Janie Daugherty had to genuinely reflect on that question to give an answer, as she was unsure which of the corporate defendants employed her.  Given this evidence, Gerhardt concludes, the defendants are a single employer under Title VII, consistent with this court's denial of defendants' motion for summary judgment and the legal test applied under such circumstances.  *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) ("identif[ying] three circumstances in which it is appropriate to aggregate multiple entities for the purposes of counting employees," including when the entities are highly integrated with respect to ownership and operations); *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987) (examining the factors of "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control" in determining whether to apply single employer status).

12

According to Gerhardt, at trial, a substantial amount of testimony from her, Thomas, the Daughertys, and the Gilberts demonstrated by a preponderance of the evidence that plaintiffs met the requirement of showing that defendants had fifteen or more employees.  On rebuttal, Gerhardt asserts, she testified from memory concerning more than fifteen employees of defendants.

### 2.    Trial Exhibits.

In addition to the extensive trial testimony, Gerhardt argues, trial exhibits presented substantial evidence that defendants employed more than fifteen persons.  First, Gerhardt contends, her EEOC charge contained a sworn statement that AHC employed more than fifteen persons.  Second, Gerhardt notes, the September 5, 2000 memorandum by Philip Gilbert to "all offices" contained the names of thirteen employees: John Drewry, Jesse Dixon, Beth Gerhardt, Lavelle Smith, Jerry Lowe, Mike Langley, Eric Gilbert, Gregg Black, Lisa Bates, Paul and Ferlie Collins, Lee Daugherty, and Jesse Cotten.  Third, Gerhardt asserts, the May 17, 1999 memorandum from Philip Gilbert also referenced Jan Logan, Billy Daugherty, and Janie Daugherty.  According to Gerhardt, these employees are in addition to Philip and Suzanne Gilbert.  Finally, Gerhardt draws the court's attention to the facsimile memorandum dated March 2, 2000, which was addressed to "all offices" and was consistent with her rebuttal testimony, and to Thomas' EEOC charge of discrimination, which contained a sworn statement that AHCI Management employed more than fifteen persons.  According to Gerhardt, the trial exhibits also demonstrate that AHC and AHCI Management were a single employer for the purposes of Title VII, as many of the memoranda presented contained the heading "Alabama Home Construction,

13

Inc." and addressed employees from both companies.[5]

 **F. The District Court Must Deny Defendants' Motion to Dismiss Because It Was Deemed to Make Such a Finding in Favor of Plaintiffs When Judgment Was Entered on the Special Verdicts.**

 It is Gerhardt's position that the entry of final judgment in accord with the special verdicts in favor of plaintiffs settled the matter of the number of defendants' employees conclusively and permanently.  Gerhardt states that, in both plaintiffs' cases, the jury was presented with special verdict forms as to the liability of defendants.  Neither the plaintiffs nor the defendants demanded that the issue of the number of employees be given to the jury.  Gerhardt highlights Federal Rule of Civil Procedure 49(a), which states in part:

> As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

Fed. R. Civ. P. 49(a).[6]

 Gerhardt notes that the court made no finding regarding the number of defendants' employees before the jury returned its verdict and final judgment was entered.  By operation of this self-executing rule, Gerhardt argues, at the entry of final judgment in accordance with the special verdicts on July 8, 2005, the court was deemed to have made a finding in favor of the plaintiffs on any omitted issue, including the number of defendants' employees.  According to

---

 [5] Gerhardt further points to the evidence that, although Philip Gilbert holds no position with AHCI Management, he had full authority to conduct a sexual harassment investigation on its behalf when he investigated Thomas' complaints.  Additionally, Gerhardt contends, although Suzanne Gilbert was the president of AHCI Management, she testified on cross-examination that she had never participated in a sexual harassment investigation.

 [6] As defendants made no objection concerning the absence of the number of employees issue from the special verdict forms, Gerhardt concludes, they are forever barred from raising such an issue as error.  Fed. R. Civ. P. 49(a) and 51.

Gerhardt, the trial court may not properly thereafter make a finding on this issue, as such would be entirely inconsistent with the self-executing procedural mechanism of Rule 49(a), the finality of judgments, and the weight of authority. *See ECI Management Corp. v. Scottsdale Ins. Co.,* 23 F.3d 354, 358 n.4 (11th Cir. 1994) (noting, "Rule 49(a) provides that an omitted finding of fact will be deemed to have been made by the court in accordance with a judgment entered on a jury's Rule 49(a) specific findings of fact"); *McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 309 (5th Cir. 1993) (stating: "Anheuser had the burden under Rules 49(a) and 51, however, to ensure that its issues (including causation by Force) were properly submitted to the jury in such a manner that the jury could and would decide those issues. Having failed to do so, Anheuser has waived its right to have any jury determine the issue of causation by Force"); *Kavanaugh v. Greenlee Tool Co.,* 944 F.2d 7, 11-12 (1st Cir. 1991) (citing Rule 49(a) and finding that party waived right to jury trial on omitted issues); *Faison v. Nationwide Mortg. Corp.,* 839 F.2d 680, 686 (D.C. Cir. 1987) (finding that, "[a]ccording to [Rule 49(a)], as no party objected to the verdict form's lack of explicit questions as to whether each defendant was a party to the joint venture, the parties waived their right to a trial by jury as to that issue"); *Reo Industries, Inc. v. Pangaea Resource Corp.,* 800 F.2d 498, 499 (5th Cir. 1986) (relying on Rule 49(a) and stating: "Reo waived its right to a jury verdict on the issue of the extent of the benefit Pangaea had received from the unlawful use of the trade secret. Consequently, because Rule 49(a) is a self-executing rule, the trial court is deemed to have made a finding on the issue in accordance with the judgment rendered on the special verdict"); *J. C. Motor Lines, Inc. v. Trailways Bus System, Inc.,* 689 F.2d 599, 602-03 (5th Cir. 1982) (discussing Rule 49(a) and stating: "Even if both the party and the court are silent on an issue raised by the facts or by the evidence, findings on that issue are

deemed to have been made which are in accord with the judgment rendered"); *Smallwood v. Pearl Brewing Co.,* 489 F.2d 579, 606-07 (5th Cir. 1974) (finding: "Smallwood did not demand a special issue on the culpability of the defendants, and no such issue was submitted to the jury. Under Rule 49(a), F.R.Civ.P., the issue is deemed found in accord with the judgment for the defendants below").

III.    **Plaintiff Thomas' Response.**[7]

    A.    **Defendants Stipulated to the Facts Giving Rise to Subject Matter Jurisdiction.**

Although it is well settled that the court's subject matter jurisdiction cannot be waived, Thomas argues, the Eleventh Circuit has recognized that facts giving rise to a court's subject matter jurisdiction can be stipulated to by the parties.  Thomas draws the court's attention to *West Peninsular Title Co. v. Palm Beach County,* 41 F.3d 1490 (11th Cir. 1995), where the County argued that no subject matter jurisdiction existed.  41 F.3d at 1492.  However, Thomas notes, in finding that the lower court did possess subject matter jurisdiction over the plaintiff's federal claims, the court stated: "But the course of litigation and stance of the County in district court undercuts its claim of [lack of subject matter jurisdiction].  We also note that the pretrial stipulation plainly reads that '[n]either party contests subject matter ... jurisdiction.'" *Id.*  The court further clarified its position:

> Parties may not stipulate jurisdiction. *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983). And we do not say that jurisdiction was proper because jurisdiction was stipulated. Instead, we look to the record; we affirm the district court's conclusion that *the stipulated facts give rise to jurisdiction*.

*Id.* at 1492 n.4 (emphasis original).

------

[7] In her response, Thomas joins in the arguments put forth by Gerhardt.  *See supra.*

Given this case law, Thomas contends, by admitting in their Answer that subject matter jurisdiction existed, and by failing to state otherwise in the pre-trial order, defendants have stipulated to the facts giving rise to this court's jurisdiction.

**B.     Defendants' Post-Trial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Is an Improper Vehicle to Contest Title VII Subject Matter Jurisdiction.**

According to Thomas, this court does not have authority to entertain defendants' post-trial motion to dismiss for lack of subject matter jurisdiction.  Thomas argues, "the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*.'"  *Morrison v. Amway Corp.*,323 F.3d 920, 925 (11th Cir. 2003) (emphasis original) (quoting *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir. 1997)).  Thomas maintains that when a Rule 12(b)(1) motion to dismiss does implicate the merits of a plaintiff's cause of action, the court must treat the motion as one for summary judgment under Rule 56 and refrain from deciding the disputed issues of material fact. *Morrison*, 323 F.3d at 925.

Thomas asserts that, in both *Morrison*, a Family Medical Leave Act ("FMLA") case, and *Garcia*, an Age Discrimination In Employment Act ("ADEA") case, each defendant contended that it did not employ the requisite number of employees to be considered an "employer" under the respective statutes and, therefore, subject matter jurisdiction did not exist.  *Morrison*, 323 F.3d at 922; *Garcia*, 104 F.3d at 1257.  However, Thomas maintains, subject matter jurisdiction becomes intertwined with the merits of a cause of action when "'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'"  *Garcia*, 104 F.3d at 1257, 1262 (citation omitted).

17

In *Garcia*, Thomas notes, the Eleventh Circuit held that, because the question of whether the defendant was an employer for purposes of the ADEA involved both the merits of the action and the court's subject matter jurisdiction, any factual dispute on the question was an issue to be resolved by the jury. *Id.* at 1262-63, 1267. In *Morrison*, Thomas observes, the Eleventh Circuit held that the "question of 'eligible employee' status [under the FMLA] implicates both jurisdiction and the merits, and is properly reserved for the finder of fact." 323 F.3d at 928. According to Thomas, these holdings are instructive to Title VII cases:

> Although *Garcia* arose under the ADEA, we noted the similarities-- particularly the ADEA's limitation on actions against "employers"--to another federal anti-discrimination statute, Title VII of the Civil Rights Act of 1964. *See id.* at 1264 ("Because there is no real difference (other than numerical) between the definitions in the two statutes, we turn to Title VII cases for guidance."). Title VII, like the ADEA, makes it unlawful for an "employer" to engage in unlawful discrimination and restricts the definition of "employer" based on the number of employees employed. See 42 U.S.C. § 2000e(b). Presumably, then, a defendant's challenge to its status as an employer under Title VII would implicate the merits as well as jurisdiction.

*Id.* at 926-27 (footnotes omitted).

Thomas maintains that what defendants seek to do now is indistinguishable from the tactics of the defendants in *Morrison* and *Garcia*. As the issue under defendants' motion implicates both jurisdiction and the merits, Thomas concludes, it cannot be reviewed as a rule 12(b)(1) motion to dismiss. Therefore, Thomas argues, defendants motion is due to be denied.

## IV. Defendants' Reply.

According to defendants, Gerhardt's response essentially states that subject matter jurisdiction exists by virtue of waiver or stipulation. However, defendants argue, subject matter jurisdiction simply cannot be conferred upon a federal district court by waiver or stipulation.

*University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

Defendants contend that this prohibition extends to an agreement to or failure to object to

language in the pretrial order to the effect that subject matter jurisdiction exists or is proper. *In*

*re Carbon Dioxide Industry Antitrust Litigation,* 229 F.3d 1321, 1325 (11th Cir. 2000)

(discussing statement in pretrial order that subject matter jurisdiction was present and venue was

proper and stating, "[t]o be sure, [unlike venue] parties may not stipulate subject matter

jurisdiction"). Defendants maintain that Gerhardt wrongly argues that it was their burden to

disprove jurisdiction. Rather, defendants contend, the party invoking the court's subject matter

jurisdiction bears the burden of proving all the facts necessary to establish its existence.

*McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002).

Defendants further take issue with Thomas' argument that defendants stipulated to facts

that gave rise to subject matter jurisdiction in their Answer. Defendants point to paragraph 6 of

Thomas' Complaint which states:

> Defendant Alabama Home Construction, Inc., and AHCI Management Company,
> Inc. (collectively herein referred to as "AHCI"), are corporate entities doing
> business within this judicial district and division. AHCI is licensed to do business
> in the State of Alabama, and employs at least fifteen (15) persons and otherwise
> meets the jurisdictional prerequisites of Title VII. This action is brought within
> the state wherein the unlawful employment practices were committed, making
> venue proper under 42 U.S.C. § 2000(e)-5(f)(3).

(Thomas Compt. ¶ 6). In their Answer, defendants note, they denied paragraph six, putting all

parties (including Gerhardt, on whom the Thomas Answer was served) as well as the court on

notice that subject matter jurisdiction and any alleged facts that could give rise to such

jurisdiction were contested.

Defendants acknowledge that Gerhardt invoked this court's jurisdiction in paragraph six

19

of her Complaint.  However, defendants contend, Gerhardt did not allege any facts that would

give rise to subject matter jurisdiction under Title VII.  Defendants maintain that neither plaintiff

has ever pled that the two defendants should be treated as a single employer, and neither

requested a joint-employer jury charge.  According to defendants, Thomas' final argument that

this motion should be treated as a motion for summary judgment is unpersuasive in light of Rule

12(h)(3)'s provision that, "Whenever it appears by suggestion of the parties or otherwise that the

court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P.

12(h)(3).  Defendants contend that Rule 12(h)(3) requires that this court dismiss both civil

actions immediately for the following reasons: neither defendant has stipulated to or admitted all

the facts that could give rise to subject matter jurisdiction; each plaintiff has (and the plaintiffs

jointly have) failed to prove all the facts that could give rise to subject matter jurisdiction; no

party presented evidence from which the jury could find all the facts incident to subject matter

jurisdiction[8]; and the jury did not find and could not have found all the facts incident to subject

---

[8] Defendants note that Gerhardt argues that trial exhibit three establishes that AHC had fifteen or more employees.  At trial, however, defendants argue, she failed to show that each of the people mentioned in the exhibit (John Drewry, Jesse Dixon, Beth Gerharrdt, Lavelle Smith, Jerry Lowe, Mike Langley, Eric Gilbert, Gregg Black, Lisa Bates, Paul and Ferlie Collins, Lee Daugherty, and Jesse Cotten) should be counted for Title VII jurisdictional purposes.  According to defendants, Gerhardt failed to offer any evidence that AHC employed those persons and that each was employed by the company on each working day for twenty caldendar work weeks in 1999 or 2000.  Indeed, defendants contend, Gerhardt admitted that she did not know who employed them and only assumed that it was AHC.  Moreover, defendants state, Phil Gilbert testifeid that Paul and Ferlie Collins split time in the office, implying that each did not work each working day during the work week.  Additionally, defendants assert, Phil and Suzanne Gilbert cannot be counted as employees under Title VII because they are the business owners.  *See Scarfo v. Ginsberg*, 175 F.3d 957, 959 (11th Cir. 1999) (discussing finding of magistrate judge that owner could not be counted as an employee for purposes of Title VII).  Finally, defendants argue, Thomas cannot be included even under the single-employer theory because she worked from the last week of June, 2000 until her termination on September 9, 2000, a period of less than twenty calendar work weeks.  Defendants contend that, discounting Thomas, the Gilberts

matter jurisdiction.

Defendants next address Gerhardt's argument that the facts giving rise to subject matter jurisdiction should be deemed to have been found under Rule 49(a).  According to defendants, before this court can act pursuant to Rule 49(a), it must first satisfy itself that subject matter jurisdiction exists.  Defendants point to *Bochese v. Town of Ponce Inlet,* 405 F.3d 964 (11th Cir. 2005), where the court stated:

> "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking" . . . Because this requirement "involves the court's competency to consider a given type of case," it "cannot be waived or otherwise conferred upon the court by the parties."

405 F.3d at 975 (citations omitted).  According to defendants, this statement is consistent with the provisions of Rule 12(h)(3).  "'Simply put, [defendants argue,] once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.'" *Id.* at 974-75 (citation omitted).  Until the issue of subject-matter jurisdiction is resolved, defendants contend, this court cannot act or be deemed to have acted.

Defendants maintain that Rule 49(a) cannot be used to "deem" that subject matter jurisdiction exists.  Defendants assert that to deem that subject matter jurisdiction exists would be the same as basing it upon waiver, conferral or stipulation, none of which are permissible.  Further, defendants contend, Rule 49(a) does not relieve any party of its burdens of proof.  Neither, defendants assert, does it relax the evidentiary basis on which such factual determinations must be made.

---

and the Collinses and adding Jan Logan, Billy Daugherty, and Janie Daugherty, the trial record identifies only 14 total potential employees of AHC, and it contains no calendar work week evidence.  Further, defendants state, Thomas identified no AHCI Management employee other than Suzanne Gilbert.

## CONCLUSIONS OF THE COURT

The defendants' motion raises interesting issues which have not been fully addressed by the parties. While the plaintiffs refer to the question of subject matter jurisdiction as a defense which can be waived, the law appears to be clear that subject matter jurisdiction cannot be conferred by consent or otherwise. Further, this court has a continuing duty to examine whether or not it has subject matter jurisdiction.

This court does reach the following conclusions:

(1) Both the defendant corporations should be considered as one employer for the purposes of determining the number of employees.

(2) Sub-contractors who construct homes under fixed contracts should likely not be considered employees.

Otherwise, the following are not so clear:

(1) Has there ever been a stipulation or admission of facts that there were the required number of employees as opposed to a stipulation of jurisdiction?

(2) What is the pertinent correct number of employees?

(3) Are there any controlling cases which, under these circumstances, establish subject matter jurisdiction?

The court will refer these, and any other matters which the parties deem pertinent to the issue of subject matter jurisdiction, to a magistrate judge for factual findings on the issue of the number of employees and a report and recommendation based on those facts and pertinent legal issues.

This 29th of July, 2005.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**